## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Coquette April Frost,                                    Civ. No. 15-1635 (JNE/BRT)

            Petitioner,

v.                                                                    **REPORT AND**
                                                                    **RECOMMENDATION**
Julie Nicklin, Warden,

            Respondent.

---

BECKY R. THORSON, United States Magistrate Judge.

Coquette April Frost, a prisoner currently housed at the Federal Correctional Institution in Waseca, Minnesota, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, which she seeks to invoke pursuant to the savings clause of 28 U.S.C. § 2255(e). (Doc. No. 1, Petition at 1–3; Petition, Attach. 4 at 1–2.) In December 2012, Frost was sentenced in the United States District Court for the Middle District of Florida to 188 months imprisonment after she pleaded guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (*See* Petition at 1; Petition, Attach. 4 at 2.) Frost now seeks to challenge her federal sentence under § 2241, claiming that she was improperly sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and § 4B1.4 of the United States Sentencing Guidelines because one of her three prior drug offenses was committed when she was a juvenile. (Petition at 1–3.) For the reasons set forth below, this Court recommends that Frost's § 2241 petition be

summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases for

lack of jurisdiction.[1]

## I. BACKGROUND

In March 2012, Frost was indicted in the United States District Court for the

Middle District of Florida on two counts of distribution of cocaine base and two counts of

possessing a firearm as a convicted felon. *See United States v. Frost*, No. 8:12-cr-00120,

Doc. No. 1 (M.D. Fl.). Pursuant to a written plea agreement, Frost pleaded guilty to a

single count of being a felon in possession of a firearm in exchange for the dismissal of

the other three counts against her. *See id.*, Doc. Nos. 28, 35. On December 6, 2012, Frost

was sentenced to 188 months imprisonment pursuant to the ACCA, which imposes a

fifteen-year mandatory minimum sentence if a defendant convicted under the felon-in-

possession statute has three prior convictions for a violent felony or serious drug offense.

*See id.*, Doc. No. 37 at 1–2; 18 U.S.C. § 924(e)(1). According to Frost, the ACCA

enhancement was based on the following three drug offenses: (1) possession with intent

to sell or deliver cocaine on March 18, 2002; (2) delivery of cocaine on September 30,

2004; and (3) delivery of cocaine on July 30, 2008. (Petition at 1–2.)

Frost did not challenge her conviction or sentence on direct appeal or in a motion

to vacate sentence under 28 U.S.C. § 2255. (*See* Petition, Attach. 4 at 2.) Instead, in

January 2015, she filed a § 2241 petition for a writ of habeas corpus in the Middle

---

[1]     Rule 4 requires preliminary review of a habeas petition and summary dismissal
"[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not
entitled to relief in the district court." Although Frost seeks relief under § 2241, the Rules
Governing Section 2254 Cases nevertheless apply to her petition. *See* Rule 1(b).

District of Florida, contending that her sentence was improperly enhanced under the

ACCA and § 4B1.4 of the federal sentencing guidelines because her prior conviction for

possession with intent to sell or deliver cocaine was incurred many years earlier when she

was a juvenile.[2] *See Frost v. United States*, No. 8:15-cv-00188, Doc. No. 1 (M.D. Fla.).

The court summarily denied the petition, finding that Frost could not proceed under

§ 2241 because she had not shown that § 2255 was inadequate or ineffective to test the

legality of her detention. *Id.*, Doc. No. 7 at 2–4. The court rejected Frost's argument that

§ 2255 was inadequate because the applicable one-year statute of limitations had already

expired on December 23, 2013, explaining that the "one-year limitation does not render

the remedy afforded by section 2255 inadequate or ineffective" and that Frost could not

"circumvent the requirements for § 2255 motions by styling her request for relief as a

§ 2241 petition." *Id.* at 3–5. The court also rejected Frost's reliance on *Descamps v.

United States*, — U.S. —, 133 S. Ct. 2276 (2013), finding that it could not serve as a

basis for "open[ing] the portal" to § 2241 because it did not apply retroactively on

collateral review. *Id.* at 4–5.

Frost has now filed an identical § 2241 petition in this Court, reiterating her claim

that the sentencing court erroneously applied the ACCA and § 4B1.4 based, in part, on

her prior conviction for possession with intent to sell or deliver cocaine. (*See* Petition at

2–3, 7.) And she once again attempts to proceed under § 2241 by arguing that § 2255 is

inadequate or ineffective due to the expiration of the applicable statute of limitations and

---

[2]     Section 4B1.4 assigns greater offense levels and criminal history categories for
defendants deemed to be armed career criminals under the ACCA. *See* U.S.S.G. § 4B1.4.

by relying on the Supreme Court's decision in *Descamps*. (*See* Petition at 3–7; Petition, Attach. 4 at 2.) As explained below, and for the same reasons expressed by the Middle District of Florida, this Court recommends that Frost's petition be dismissed without prejudice for lack of jurisdiction.

## II.  ANALYSIS

It is well-settled that a collateral challenge to a federal conviction or sentence typically must be raised in a § 2255 motion filed in the sentencing court, and not in a § 2241 habeas petition filed in the district of incarceration. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *see also Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) ("A federal inmate generally must challenge a conviction or sentence through a § 2255 motion."). Under § 2255's savings clause, however, a federal prisoner may collaterally challenge her sentence or conviction through § 2241 if she affirmatively demonstrates that § 2255 is "inadequate or ineffective to test the legality of [her] detention." 28 U.S.C. § 2255(e); *see also Lopez-Lopez*, 590 F.3d at 907. Absent a showing of inadequacy or ineffectiveness, a district court lacks jurisdiction to consider the merits of a § 2241 petition challenging the validity of a conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).

Section 2255 is not "inadequate or ineffective" merely because "there is a procedural barrier to bringing a § 2255 motion," such as the expiration of the applicable one-year statute of limitations. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *see also Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) ("If it were the case that any prisoner who is prevented from bringing a § 2255 petition could,

4

without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is

entitled to petition for a writ of habeas corpus under § 2241[], then Congress would have

accomplished nothing at all in it attempts . . . to place limits on federal collateral

review."). To the contrary, a prisoner seeking to satisfy the savings clause must, at a bare

minimum, demonstrate that her claims are based on a retroactive Supreme Court decision

announcing a new rule of law, one that the prisoner had no genuine opportunity to invoke

at the time of trial, direct appeal, or a first § 2255 motion. *See, e.g.*, *Williams v. Warden,*

*Fed. Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013) (explaining that "for a

sentencing claim to pass muster under the savings clause" it "must be based upon a

retroactively applicable Supreme Court decision" that "overturned a circuit precedent that

squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at

trial, on appeal, or in his first § 2255 motion"); *Reyes-Requena v. United States*, 243 F.3d

893, 904 (5th Cir. 2001) (holding that the savings clause applies only where, among other

things, the petitioner's claim is "based on a retroactively applicable Supreme Court

decision . . . that was foreclosed by circuit law at the time when the claim should have

been raised in the petitioner's trial, appeal, or first § 2255 motion"); *In re Davenport*, 147

F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas

corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a

fundamental defect in his conviction or sentence because the law changed after his first

2255 motion.").

Frost has not shown that § 2255 is inadequate or ineffective to test the legality of

her detention. Although the time for her to seek § 2255 relief has long since expired, that

procedural barrier does not render § 2255 inadequate or ineffective. *See Lurie*, 207 F.3d at 1077. To conclude otherwise would effectively nullify the statute of limitations for filing § 2255 motions. *See Kennedy v. United States*, No. 14-1980, 2014 WL 5286349, at *5 (D. Minn. Oct. 15, 2014) ("The procedural rules limiting availability of relief under § 2255 would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become 'inadequate or ineffective,' and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition."). Moreover, this Court can discern no impediment, legal or otherwise, that prevented Frost from raising her current claim on direct appeal or in a timely filed § 2255 motion. Indeed, the argument that Frost raises in her habeas petition has been available to her since the time of her sentencing. That she failed to avail herself of the opportunity to assert that claim on a direct appeal or in a timely § 2255 motion is not sufficient to invoke the savings clause. *See Abdullah v. Hedrick*, 392 F.3d 957, 964 (8th Cir. 2004) ("We have previously held that § 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand."); *Lurie*, 207 F.3d at 1077–78 (holding that a federal prisoner could not pursue § 2241 relief where his claims "could have been maintained in a timely § 2255 motion or on direct appeal"); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The one-year period provided [the petitioner] with a reasonable opportunity to file for relief; and if that time period has expired, it is the result of his own doing and not due to any inadequacy in the statute.").

Finally, Frost's reliance on *Descamps* is unfounded and otherwise insufficient to satisfy the savings clause. In that decision, the Supreme Court addressed whether sentencing courts may examine certain judicial documents to determine whether a prior conviction for a crime with a single, indivisible set of elements qualifies as a "violent felony" under the enumerated-offenses clause of the ACCA, which defines such a felony as "burglary, arson, or extortion." *Descamps*, — U.S. at —, 133 S. Ct. at 2281–82.  The Supreme Court held that courts must apply a "categorical approach" that compares "the elements of the statute forming the basis of the defendant's [prior] conviction with the elements of the 'generic' crime," and may only consult additional documents under a "modified categorical approach" when a defendant was convicted under a "divisible statute" that "sets out one or more elements of the offense in the alternative." *Id.* Simply put, the holding of *Descamps* has no bearing on Frost's claim that one of her predicate drug convictions should not have been counted as a serious drug offense under the ACCA and § 4B1.4 because it occurred long ago while she was a juvenile. And even if *Descamps* were relevant, it could not serve as a basis for satisfying the savings clause because, as numerous courts have held, it did not announce a new rule of law that is retroactively applicable on collateral review. *See, e.g.*, *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014); *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014); *Beard v. Wilson*, No. 13-CV-3613, 2015 WL 627880, at *1, 8–9 (D. Minn. Feb. 10, 2015); *Dunklin v. Wilson*, No. 13-2411, 2014 WL 5464250, at *5 (D. Minn. Oct. 27, 2014); *United States v. Chapman*, 21 F. Supp. 3d 839, 843–44 (S.D. Tex. 2014); *Barber v. English*, No. 5:14cv114, 2014 WL 7251596, at *3 (N.D. Fla. Dec. 18, 2014);

*Jordan v. Butler*, No. 6:14-159-DCR, 2014 WL 6775239, at *3 (E.D. Ky. Dec. 2, 2014);

*Lii v. Copenhaver*, No. 1:13-cv-01508, 2014 WL 6773841, at *5 (E.D. Cal. Dec. 1,

2014).

Because Frost has not shown that § 2255 is inadequate or ineffective to test the

legality of her detention, this Court lacks jurisdiction to consider the merits of her § 2241

challenge to her sentence. *See DeSimone*, 805 F.2d at 323. Accordingly, this Court

recommends that her petition for a writ of habeas corpus be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT

IS HEREBY RECOMMENDED** that:

1.      Frost's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241

(Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter

jurisdiction; and

2.      Frost's motion for appointment of counsel (Doc. No. 2) be **DENIED AS

MOOT.**


Date: April 27, 2015

                                        *s/ Becky R. Thorson*
                                        BECKY R. THORSON
                                        United States Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 11, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3,500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.